

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| NATHAN MATSON, as the Administrator of the Estate of JORDAN ALEXA MAYS )))) | |
| Plaintiff, )) | 7:17-cv-01166-LSC |
| vs. )) | |
| STEVE'S TRUCK & TRAILER REPAIRS, INC., et al., )))) | |
| Defendants. ) | |

**Memorandum of Opinion**

Plaintiff Nathan Matson ("Plaintiff"), the legally appointed Administrator of the Estate of Jordan Alexa Mays, brought this action against Steve's Truck & Trailer Repairs, Inc. ("Steve's Truck"), Billy Joe Carney, Jr. ("Carney"), and BIR Truck & Trailer Repair, LLC ("BIR") (collectively "Defendants"). Before the Court is BIR's Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. 9.) For the reasons stated below, BIR's Motion to Dismiss is due to be granted.

I.   **Background**

On October 20, 2015, Jordan Alexa Mays was riding in a vehicle when it was struck at the intersection of U.S. Highway 280 and County Road 280 in Shelby

County, Alabama by a tractor trailer driven by Chassidy Renae Garner-James ("Garner-James"), a Mississippi Resident. (Doc. 1 ¶ 7; Doc. 9 ¶¶ 1-2.) Plaintiff alleges that at the time of the collision, the braking system of the tractor did not work and Garner-James' inability to stop caused the crash. Ms. Mays subsequently died from the accident, and Plaintiff, as administrator of her estate, filed suit against the Defendants.

Defendants had been hired to repair the tractor's braking system prior to Mays' death. Plaintiff alleges Carney and Steve's Truck worked on the tractor's brakes in York, Alabama on July 31, 2015. (Doc. 9 ¶ 4.) The tractor subsequently failed a Department of Transportation ("DOT") inspection because it did not comply with DOT braking regulations. (Doc. 1 at ¶ 8.) Miller & Son Trucking, Inc. ("Miller"), a Mississippi resident and the owner of the tractor, then hired BIR to inspect the tractor and to ensure that it complied with all braking regulations. (*Id.*) BIR has its principal office in Tennessee, but also has a repair shop in Franklin, Kentucky. (*Id.* at ¶ 4.) BIR performed the requested inspection and repairs to the tractor on a "road call" in Franklin, Kentucky on August 3, 2015. (*Id.* at ¶ 8.) Plaintiff alleges that these repairs were negligently performed and insufficient to fix the underlying braking issue, which persisted until October 20, 2015, where the faulty brakes caused the collision that led to Ms. May's death.

## II. Personal Jurisdiction

### A. Standard of Review

In a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff generally "bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988) (citing *Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988)). "A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). The Court must treat facts alleged in the complaint as true if they are not controverted by affidavits submitted from the defendant. *Id.* However, if the defendant submits affidavits, the plaintiff must produce additional evidence supporting jurisdiction unless the defendants' affidavits are only conclusory. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). When the plaintiff's evidence conflicts with the defendant's evidence, the Court must "construe all reasonable inferences in favor of the plaintiff." *Id.*

### B. Discussion

"A federal district court sitting in diversity may exercise personal jurisdiction to the extent authorized by the law of the state in which it sits and to

the extent allowed under the Constitution." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002); *see also Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014) ("Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."). Personal jurisdiction is generally a two-step inquiry, as the Court must consider whether personal jurisdiction is consistent with the forum state's long-arm statute and whether the exercise of personal jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment. *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004). However, for federal courts in Alabama "the two inquiries merge, because Alabama's long-arm statute permits the exercise of personal jurisdiction to the fullest extent constitutionally permissible." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007); *see also Ex Parte Edgetech I.G., Inc.*, 159 So. 3d 629, 633 (Ala. 2014). Thus, the Court need only consider the limits of the Due Process Clause. *Mut. Serv. Ins. Co.*, 358 F.3d at 1319.

"[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463

(1940)). There are two types of personal jurisdiction—general jurisdiction and specific jurisdiction—but both are based on the defendant's contacts with the forum state.

### i. General Jurisdiction

General jurisdiction exists over defendants "when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011). The general jurisdiction inquiry "is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so "continuous and systematic" as to render [it] essentially at home in the forum State.'" *Daimler AG*, 134 S. Ct. at 761 (alteration in original) (quoting *Goodyear*, 131 S. Ct. at 2851). The contacts must be sufficient that a suit in the subject state, even on unrelated dealings, is justified. *See Int'l Shoe Co.*, 326 U.S. at 318. For example, a foreign mining corporation whose mining activities ceased entirely, but whose general manager and president maintained an office in Ohio to conduct activities on behalf of the company by keeping files, holding meetings, and distributing paychecks, was subject to general personal jurisdiction in Ohio because the corporation, through its president was "carrying on in Ohio a continuous and

systematic, but limited, part of its general business." *Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 437, 438 (1952). However, a defendant with no place of business, employees, bank accounts, advertisements, or manufacturing facilities in North Carolina, but which had other companies distribute its products in North Carolina was not subject to general personal jurisdiction there. *See Goodyear Dunlop Tires Operations, S.A.*, 131 S. Ct. at 2857 ("[The defendant's] attenuated connections to the State fall far short of the 'continuous and systematic general business contacts' necessary to empower North Carolina to entertain suit against [the defendant] on claims unrelated to anything that connects [it] to the State." (citations omitted)).

BIR's contacts with Alabama are not sufficient to provide general jurisdiction over it, a point that Plaintiff does not seriously contest. BIR is a limited liability company organized under Tennessee law and has its principal place of business in Parsons, Tennessee, but operates a repair shop in Franklin, Kentucky. Plaintiff has shown no "continuous and systematic" contacts between BIR and Alabama. BIR has no offices, employees, real estate, or bank accounts in Alabama. (Kumar Aff. ¶ 5-6.) Nor has BIR ever serviced or inspected vehicles in Alabama, or affirmatively sued any party there. (*Id.* at ¶¶ 6-8.) BIR does not have any affiliation with Steve's Truck or Carney outside of being co-defendants. Given the absence of

any activity to show a "continuous and systematic presence" in Alabama, the Court finds BIR is not subject to Alabama's general jurisdiction.

### ii. Specific Jurisdiction

The parties' dispute focuses on whether Alabama has specific jurisdiction over BIR. "Where a forum seeks to assert specific personal jurisdiction over a nonresident defendant, due process requires the defendant have 'fair warning' that a particular activity may subject him to the jurisdiction of a foreign sovereign." *Madara*, 916 F.2d at 1516. The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on "the relationship among the defendant, the forum, and the litigation." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). Specific jurisdiction does not require a large volume of contacts with the forum state, as even a single purposeful contact may give rise to personal jurisdiction. *See McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957); *see also Licciardello v. Lovelady*, 544 F.3d 1280, 1285 (11th Cir. 2008) ("The Court has made clear . . . that '[s]o long as it creates a "substantial connection" with the forum, even a single act can support jurisdiction.'" (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 n.18 (1985))).

For a state to exercise jurisdiction consistent with due process, the defendant's *suit-related* conduct must create a substantial connection with the forum state. *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). The contacts with the forum state must also be purposeful and created by the "defendant *himself*." *Walden*, 134 S. Ct. at 1122 ("We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State."). Due process requires that a defendant be subjected to specific jurisdiction of a State "based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden*, 134 S. Ct. at 1123 (quoting *Burger King*, 471 U.S. at 475). Related to purposefulness, the Court must determine whether the defendant has a sufficient connection to the forum "that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

If the Court finds that sufficient contacts exist to subject an out-of-state defendant to the forum state's courts, the Court must also consider whether the exercise of jurisdiction would "offend 'traditional notions of fair play and substantial justice.'" *Asahi Metal Indus. Co. v. Superior Court of California, Solano Cty.*, 480 U.S. 102, 113 (1987) (quoting *Int'l Shoe Co.*, 326 U.S. at 316). This

analysis requires weighing various factors: the burden placed upon the defendant, the interests of the forum state in deciding the dispute, the plaintiff's interest in litigating in that forum, the interests of the interstate judicial system in an efficient resolution of disputes, and the interests of fundamental social policies. *See World-Wide Volkswagen Corp.*, 444 U.S. at 292; *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1251 (11th Cir. 2000).

The overwhelming lack of contacts between BIR and Alabama in this case compels the Court to conclude that Alabama lacks specific jurisdiction over BIR. As an initial matter, BIR, a Tennessee limited liability company with a repair shop in Kentucky, has a connection to the Plaintiff only indirectly by its contact with Miller, a Mississippi resident. (Doc. 23 at 5-7.) There is no question that BIR did not reach out and form any direct contacts with the Plaintiff. The conduct which led BIR to be sued by Plaintiff—the alleged failure to repair the tractor—occurred in Kentucky. There has been no showing that BIR ever intended or knew that the tractor would one day end up in Alabama. BIR's sole connection to Alabama is based on "random, fortuitous, or attenuated" contacts caused by third parties and not by BIR itself. *Burger King*, 471 U.S. at 475. Plaintiff has failed to show how BIR "purposefully directed" conduct towards Alabama. *Id.* at 476.

Plaintiff argues that while BIR has formed no direct contacts with Alabama, it was foreseeable to BIR that the tractor it repaired would eventually leave Kentucky to return to Mississippi and other states in the Southeast. Because of the geographical proximity between Mississippi and Alabama, Plaintiff argues that BIR could "reasonably anticipate being haled into court there" for the repairs that it did for Miller. To support his argument, Plaintiff relies on *Ex parte American Timber & Steel Co.*, which held that an out-of-state defendant was subject to the specific jurisdiction of Alabama when it hired a tractor trailer to transport lumber from Texas to Florida, and a vehicle accident occurred between the driver of the trailer and the plaintiffs in Alabama. 102 So. 3d 347, 359 (Ala. 2011). Because defendant could reasonably expect its shipment to at some point traverse Alabama, *American Timber* held that it was foreseeable to defendants to be sued there. *Id*.

*American Timber* differs materially from Plaintiff's case and thus is wholly unhelpful to his argument. The defendant in *American Timber* "purposefully directed" its timber and the carrier from Texas through Alabama to Florida and could reasonably expect to be haled into an Alabama court for torts committed there. BIR, on the other hand, repaired the tractor in Kentucky at Miller's request, but had no control over where Miller directed the tractor following the transaction. While BIR *could* foresee that the tractor would end up in Alabama or indeed any

other state, "'foreseeability' alone has never been a sufficient benchmark for personal jurisdiction," *World-Wide Volkswagen*, 444 U.S. at 295, as "a local California tire retailer could be forced to defend in Pennsylvania when a blowout occurs there." *Id.* at 296 (citations omitted); *see also Burger King*, 471 U.S. at 486 n.17 ("[T]he Court has held that the Due Process Clause forbids the exercise of personal jurisdiction over an out-of-state automobile distributor whose only tie to the forum resulted from a customer's decision to drive there.").

Because the Court has found that there are insufficient contacts to subject BIR to personal jurisdiction in Alabama, the Court need not evaluate whether jurisdiction over BIR would be fair. *See Hanson v. Denckla*, 357 U.S. 235, 254 (1958); *see also World-Wide Volkswagen Corp.*, 444 U.S. at 294 ("Even if the defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy; even if the forum State is the most convenient location for litigation, the Due Process Clause, acting as an instrument of interstate federalism, may sometimes act to divest the State of its power to render a valid judgment."). The exertion of personal jurisdiction over BIR does not comport with due process and, as such, BIR cannot be made to defend this action in Alabama.

### iii.     Transfer of Claims against BIR

Plaintiff argues that if BIR is not subject to Alabama personal jurisdiction, which it is not, then it would not be proper to transfer this case in whole or part to another jurisdiction. *See* 28 U.S.C. § 1631 (If the "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ."). Specifically, Plaintiff states that the same personal jurisdiction issue would arise in Kentucky concerning Steve's Truck and Carney, since these remaining Defendants repaired the tractor *in Alabama*, and do not have any contacts with Kentucky. BIR only argues that the inability of the Court to transfer the action intact with all Defendants should not affect its dismissal of BIR, but does not argue that transfer is proper in this case. (Doc. 25 at 15-16.) As neither party has moved to transfer, and because the Court finds that it would not be "in the interest of justice" to do so because similar jurisdictional issues would arise in Kentucky, the Court declines to transfer Plaintiff's claims against BIR. *See* 28 U.S.C. § 1631.

### III. Motion for Jurisdictional Discovery

In his opposition to BIR's motion to dismiss, Plaintiff requests leave to conduct limited jurisdictional discovery. Plaintiff seeks: "to depose BIR's corporate representative in an effort to determine the full extent of BIR's minimum

contacts with Alabama, and with their business that repairs trucks that are consistently operating within interstate commerce." (Doc. 23 ¶ 28.) Plaintiff believes this discovery will support Alabama's personal jurisdiction over BIR in conjunction with *American Timber*. *Id.* ¶ 27.

"[W]hen facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute, [a] part[y] ha[s] a 'qualified right to jurisdictional discovery,'" unless that party unduly delayed in seeking leave to initiate discovery. *Am. Civil Liberties Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017) (quoting *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 730 (11th Cir. 1982)). In such cases, it is an abuse of discretion for a Court to deny a timely brought motion for jurisdictional discovery. *Id.* Here, Plaintiff has failed to identify any jurisdictional facts in dispute and only argues that if BIR repaired other tractors that later entered Alabama this would subject BIR to Alabama's specific jurisdiction. This argument is meritless. *See Bristol-Meyers Squibb Co. v. Superior Ct. of California*, 137 S. Ct. 1773, 1781 (2017) (Where there is no affiliation between a defendant's act and the forum state, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.").

Plaintiff further failed to move the Court for jurisdictional discovery, first making the request in his opposition as an alternative to BIR's dismissal. Plaintiff's

request is thus untimely and need not be granted. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280–81 (11th Cir. 2009) (holding that the district court did not err in not allowing jurisdictional discovery when the plaintiff "never formally moved the district court for jurisdictional discovery but, instead, buried such request in its briefs as a proposed alternative to dismissing [the defendant]" and failed to "take[] every step possible to signal to the district court its immediate need for such discovery"); *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999) (untimely request for jurisdictional discovery need not be granted). Because Plaintiff has not shown why such discovery would be fruitful and has failed to formally move for jurisdictional discovery, the Court denies Plaintiff's request. The Court has before it sufficient facts to find BIR cannot be made to defend this case in Alabama.

## IV. Conclusion

For the reasons discussed above, BIR's motion to dismiss Plaintiff's claims against BIR for lack of personal jurisdiction is due to be GRANTED. A separate Order consistent with this Opinion will be entered.

**Done** and **Ordered** on October 6, 2017.

_____
L. Scott Coogler
United States District Judge

190485